47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Ray CROSS, Defendant-Appellant.
 No. 94-2428.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 14, 1994.
Decided Jan. 11, 1995.
 
 Before COFFEY, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Ronald Cross of two counts of possession of a firearm, and the district court sentenced him to 230 months imprisonment for each count, two years supervised release, and a special assessment. On appeal, Cross argues that the district court erred by refusing to suppress of the search of Cross' car. Cross challenges only the firearm possession in Count Two, and does not allege that the evidence in Count One is tainted. We review the denial of a motion to suppress evidence for clear error, and will not retry issues of fact or substitute the district court's judgment with respect to such issues if the factual findings are supported by the record. United States v. Packer, 15 F.3d 654, 656 (7th Cir.1994).
 
 
 2
 Cross was observed by Officer Gregory Weber driving erratically, and was then ordered to pull to the curb and to get out of the car. As Cross was exiting the car, Officer Weber observed Cross bending over and Cross appeared to be doing something with his hands in the floorboard area of the car. Officer Weber was concerned about this and so he stopped, placed his hand on his gun, took a position behind the door, and ordered Cross to bring his hands up where Officer Weber could see them. Tr. 95-97. When Cross did not comply with this order, Weber once again ordered him to do raise his hands and exit the vehicle. Once Cross was out of the car, Officer Weber conducted a pat-down search and observed that Cross' speech was slurred, his eyes were red, and his breath smelled of alcohol. When asked for his driver's license, Cross had difficulty finding it and fumbled through his wallet. Cross was in Officer Weber's custody, and Officer Weber performed two sobriety tests on Cross. Tr. 99, 124-26.
 
 
 3
 Officer Correll heard on the dispatch that Officer Weber had made a traffic stop, so drove to the scene to back him up. When Correll arrived, Weber told Correll that he had observed Cross reach beneath the driver's seat and asked Correll to search the car. Correll opened the driver's door, looked under the driver's seat, and observed a handgun and holster just under the driver's seat. Tr. 134-35. Cross admitted to the officers that he did not have a gun permit. Cross was charged with driving while intoxicated, driving left of center, and possession of a weapon without a license.
 
 
 4
 During an investigative stop, if the officer has an articulable suspicion that the suspect is potentially dangerous he may conduct a protective search for weapons even into the passenger compartment of the vehicle. Michigan v. Long, 463 U.S. 1032, 1051, 103 S.Ct. 3469, 3481 (1983); United States v. Denney, 771 F.2d 318, 322 (7th Cir.1985) cert. denied, 493 U.S. 1084 (1990). Cross's furtive gesture of reaching beneath the seat gave the officers a reasonable and articulable suspicion that Cross may be armed and thus dangerous. United States v. Nash, 876 F.2d 1359, 1361 (7th Cir.1989). As the district court noted, Cross's furtive gesture could have indicated that Cross removed a weapon from underneath the seat. Because Officer Weber did not search the vehicle and his pat-down search was cursory, Weber had cause to be concerned that he was endangered by holding Cross in custody.[1] Officer Correl's search of the car may have discovered an empty scabbard or holster, thus alerting the officers to a potential danger. We AFFIRM the judgment of the district court.
 
 
 
 [1]
 Of the 7,261 law enforcement officers assaulted or killed during traffic stops in 1992, almost all involved the use of a weapon. Federal Bureau of Investigation, U.S. Dep't of Justice, Law Enforcement Officers Killed and Assaulted, in FBI Uniform Crime Reports 403, 406 (1993); see also United States v. Packer, 15 F.3d 654, 657 n. 2 (7th Cir.1994) (commenting on numerous newspaper articles of violent roadside attacks by motorists against police officers)